## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EMPLOYERS MUTUAL CASUALTY COMPANY, | )<br>)<br>)   CIV-18-766-C |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| (1) SPORTCHASSIS HOLDINGS, INC., | )<br>) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Employers Mutual Casualty Company ("EMC"), Plaintiff herein, and brings this lawsuit seeking the declaratory judgment of this Court pursuant to 28 U.S.C. § 2201 against Defendant SportChassis Holdings, Inc. ("SportChassis") to determine a controversy as to the rights and obligations of the parties under policies of insurance issued by EMC to SportChassis related to a claim arising out of alleged property damage to a building, and in support thereof does allege and state as follows, to wit:

### JURISDICTION

1.     EMC is a corporation organized and existing under the laws of the State of Iowa, which has its principal place of business within the State of Iowa, and is therefore a citizen of the State of Iowa.

2.     SportChassis is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

3.     This lawsuit concerns SportChassis's claim of entitlement to payment for alleged property damage to a building under the commercial property coverage of policies of insurance issued by EMC to SportChassis, which each have coverage limits in excess of $75,000.00, for purported losses in excess of $75,000.00, by reason of which the amount in controversy in this lawsuit exceeds $75,000.00 exclusive of interest and costs.

4.     Therefore, by virtue of the complete diversity of the citizenship of the parties to this action and the sufficiency of the amount in controversy, this Court is vested with jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

**VENUE**

5.     The claim of EMC for a declaratory judgment concerns the rights and obligations of EMC to SportChassis in relation to policies of insurance issued to SportChassis in Clinton, Custer County, Oklahoma, in relation to alleged property damage to a building located in Custer County, Oklahoma.

6.     Because a substantial part of the events giving rise to the claim at issue in this lawsuit occurred within the territory of which the Western District of Oklahoma is comprised, venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

7. EMC issued various commercial property policies of insurance to SportChassis as named insured with annual policy periods spanning from October 31, 2013 through October 31, 2017, all of which afforded coverage to a building at the insured location, subject to the terms and conditions set forth therein (a true and correct copy of each such policy is attached hereto as Exhibits 1 through 4).

8. Each such policy included, as a condition of coverage, a provision that no legal action could be brought by SportChassis against EMC unless such action was brought within two years after the date upon which the direct physical loss or damage which was the subject of the action occurred.

9. Each policy further included a provision that EMC would not pay for cosmetic damage to roof surfacing caused by wind and/or hail.

10. Each policy also required that, for any loss or damage to be covered, it must commence in the policy period, as shown in the declarations, during which the insurance contract was in force.

11. Prior to April 21, 2017, SportChassis never reported a property damage claim to EMC for damage to the insured building under any commercial property insurance policy issued to it by EMC.

12. On April 21, 2017, SportChassis submitted a claim to EMC for hail damage to the roof of its insured building, which damage SportChassis has since claimed occurred on March 31, 2015.

13. After investigating the claim, EMC concluded that no damage which was not cosmetic had been sustained to the roof of the insured building caused by a covered cause of loss within the two years preceding the reporting of the claim by SportChassis, or even within the policy periods of the subject policies, although EMC did conclude that certain hail damage may have occurred during that period to certain skylights and HVAC coil fins on certain air conditioning condensers.  The amount of damages for the covered damage did not exceed the deductible under the policies, however, and, as a result, no payment was made to SportChassis on its claim.

14. SportChassis has disputed the coverage afforded under the EMC policies and has demanded that EMC pay its claim.

15. EMC denies that it owes any amount to SportChassis under the terms of the policies, and those policies do not afford the coverage to which SportChassis claims it is entitled.

16. A real and justiciable controversy thus presently exists as between EMC and SportChassis concerning the coverage afforded by the subject insurance policies and, as a consequence thereof, the amount, if any, owed to SportChassis by EMC thereunder.

17. In fact, no coverage is afforded under the subject policies for the claim made by SportChassis, for the following reasons:

    a. No legal action was brought against EMC within the two-year suit limitations period provided by the subject policies, as expressly required by the policies;

      b.      No covered loss or damage occurred within the policy periods of the policies as required by the policies; and

      c.      No damage which was not cosmetic was sustained to the roof of the insured building by a covered cause of loss, as required by the policies.

18.      However, despite the foregoing, should the Court find that there is coverage for SportChassis's claim under the policies, EMC further seeks a declaration from the Court as to the amount of covered damages EMC actually owes SportChassis as a result of such claim.

19.      EMC thus seeks the declaration of this Court determining the coverage afforded by the subject policies in relation to the subject claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Employers Mutual Casualty Company does respectfully pray that this honorable Court issue its declaratory judgment that there is no coverage afforded under the subject policies of insurance, but if the Court should conclude otherwise, declaring that sum which is owed for damage which is not cosmetic and further declaring under which policy of insurance such sum is owed.

Respectfully submitted,

*s/Casper J. den Harder*
Phil R. Richards, OBA #10457
Casper J. den Harder, OBA #31536
William L. Foreman, OBA #32584
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma  74103
Telephone:  918/585.2394
Facsimile:  918/585.1449
Email: prichards@richardsconnor.com
         cdenharder@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF**
**EMPLOYERS MUTUAL**
**CASUALTY COMPANY**