# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case Number CIV-18-766-C ) |
| SPORTCHASSIS HOLDINGS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss certain of Defendant's counterclaims. According to Plaintiff, the counterclaims fail to provide the factual support required by Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The Court has reviewed the allegations raised by Defendant through the counterclaims. While those claims could have been set forth with more clarity, they do apprise Plaintiff of the nature of the claims against it and Defendant's reasons for those allegations. Thus, the Court finds the counterclaims state claims that are plausible. Consequently, Plaintiff's Motion to Dismiss will be denied.

Plaintiff has also filed a Motion to Strike, seeking to strike two of the affirmative defenses pled by Defendant. Plaintiff argues that affirmative defense no. 6 should be stricken, as it raises the equitable defense of unclean hands. Plaintiff argues this defense is inappropriate because this is not an action at equity. Plaintiff also seeks to strike

affirmative defense no. 7. According to Plaintiff, this affirmative defense relies solely on allegations that fail to state a claim for relief as argued in the Motion to Dismiss.

After consideration of the parties' arguments, the Court finds that affirmative defense no. 6 should be stricken because this is an action at law, not at equity, and the defense of unclean hands is unavailable. See <u>Bagby Elevator Co., Inc. v. Schindler Elevator Corp.</u>, 609 F.3d 768, 774 (5th Cir. 2010). However, because the Court has denied Plaintiff's Motion to Dismiss, the argument in favor of striking affirmative defense no. 7 is lacking and therefore that portion of the Motion to Strike will be denied.

As set forth more fully herein, Plaintiff Employers Mutual Casualty Company's Rule 12(b)(6) Motion to Dismiss Counterclaim (Dkt. No. 10) is DENIED, and Plaintiff Employers Mutual Casualty Company's Motion to Strike Affirmative Defenses (Dkt. No. 11) is GRANTED IN PART and DENIED IN PART. Plaintiff's affirmative defense no. 6 is stricken.

IT IS SO ORDERED this 25th day of October, 2018.

_____
ROBIN J. CAUTHRON
United States District Judge