IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EMPLOYERS MUTUAL CASUALTY )
COMPANY, )
)
         Plaintiff, )
)
vs. ) Case Number CIV-18-766-C
)
SPORTCHASSIS HOLDINGS, INC., )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff provided commercial property insurance to Defendant. Defendant made a claim under that insurance asserting that its roof was damaged by hail. Plaintiff denied that the alleged loss was covered. After the parties were unable to resolve their dispute, Plaintiff filed the present action seeking a determination that it had no liability for claims made by Defendant. Defendant filed a counterclaim asserting breach of contract and bad faith. Plaintiff has filed a Motion for Summary Judgment asserting it is entitled to judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence

of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Plaintiff argues it is entitled to judgment because Defendant failed to timely bring a claim under the policy. Plaintiff asserts that a provision in the policy requires any lawsuit to be brought within two years of the date of the actual physical loss. Plaintiff asserts that the date of loss can only be March 31, 2015, as that is the only date on which hail of adequate size fell to damage the roof. Plaintiff asserts a claim was not made until April

2

21, 2017, and this action was not filed until later. Thus, the action is barred by the limitations period.

In response, Defendant provides an affidavit from its CEO which asserts that the policies it received from its agent do not contain the 2-year limitation provision. Plaintiff argues that Defendant has already admitted the policy contained the limitation by admitting that the policies attached to the Complaint were the operative documents. However, Defendant's Answer specifically challenges the existence of the 2-year limitations period in the policy received. This, coupled with the affidavit, creates a question of material fact on whether the policies actually received by Defendant contained the limitations provision. Thus, Plaintiff's Motion will be denied on this issue.

Plaintiff also argues it is entitled to summary judgment as the undisputed evidence demonstrates there was no functional hail damage occurring during the period of coverage. Plaintiff points to a provision of the policy that required any hail damage to have created a hole in the roof. Plaintiff then directs the Court to the testimony of Defendant's maintenance supervisor who stated that the roof had leaked for the 10 years he had been employed by Defendant. The maintenance supervisor also testified he was not aware of any hail punching through the roof. In response, Defendant points to evidence from roofing companies and weather reports which support hail damage to the roof during the policy period. The Court finds a question of fact exists and Plaintiff's Motion will be denied on this issue.

Finally, Plaintiff seeks judgment on Defendant's counterclaim for bad faith. Plaintiff argues that a legitimate dispute exists which precludes submitting the issue of bad faith to the jury. In Oulds v. Principal Mutual Life Insurance Co., 6 F.3d 1431, 1436 (10th Cir. 1993) (quoting McCoy v. Oklahoma Farm Bureau Mutual Insurance Co., 1992 OK 43, ¶ 21, 841 P.2d 568, 572), the Tenth Circuit stated, "[t]he insurer will not be liable for the tort of bad faith if it 'had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy.'" Defendant also notes that the Oklahoma Supreme Court in Badillo v. Mid Century Insurance Co., 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093-94, stated even an erroneous claim denial will not give rise to bad faith liability where it is based upon a good faith belief and some justifiable reason for the denial. Here, Plaintiff argues that it had a good faith belief that it had a justifiable reason for withholding payment of the claim. In support, Plaintiff points to the various weather reports which conflict on whether hail of adequate size fell to damage the roof. Plaintiff also notes its investigation revealed questions about whether the roof had been damaged by hail.

The Court finds Plaintiff's position well supported. The Oklahoma Supreme Court has noted that the Court is charged with serving as the gate-keeper and must make a first determination of whether or not the insurance company's conduct can be considered tortious. Garnett v. Gov't Emp.'s Ins. Co., 2008 OK 43, ¶ 22, 186 P.3d 935, 944. In its role as gatekeeper, the Court agrees a legitimate dispute exists as to liability under the

4

policy. Therefore, as the Oklahoma Supreme Court noted in <u>Christian v. Am. Home Assur. Co.</u>, 1977 OK 141, 577 P.2d 899:

> We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.

<u>Id.</u> at 904-05, Plaintiff is entitled to litigate the coverage issue without subjecting itself to a claim for bad faith.

## **CONCLUSION**

Consequently, Plaintiff Employers Mutual Casualty Company's Motion for Summary Judgment (Dkt. No. 48) is GRANTED in part and DENIED in part. Plaintiff is entitled to judgment on Defendant's counterclaim for bad faith. In all other respects, Plaintiff's Motion is denied. A judgment will be entered at the conclusion of this case on Defendant's claim for bad faith.

IT IS SO ORDERED this 10th day of December, 2019.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge