IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EMPLOYERS MUTUAL CASUALTY )
COMPANY, )
 )
        Plaintiff, )
 )
vs. ) Case Number CIV-18-766-C
 )
SPORTCHASSIS HOLDINGS, INC., )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a Motion seeking to exclude the opinions and testimony of Defendant's expert Joe Seiter. Plaintiff takes issue with Mr. Seiter's opinions about Defendant's roof and the causes of damage to that structure. Plaintiff also argues that Mr. Seiter's report fails to satisfy the requirements of Fed. R. Civ. P. 26(a).

Pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702)]. Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." Id.

Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1282-83 (10th Cir. 2018). Here, Plaintiff does not challenge the qualifications of Mr. Seiter. Rather, the present Motion only attacks the reliability of the expert's opinion. On this point, Plaintiff's Motion must fail.

Each of the issues raised by Plaintiff are items that can be challenged through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ." Daubert, 509 U.S. at 596. At this stage, the Court finds the reasoning and methodology underlying Mr. Seiter's opinions are sufficient to satisfy the gatekeeping requirements of Daubert.

As for the challenge to Mr. Seiter's report, the Court finds that given the nature of Mr. Seiter's expertise and the scope of the testimony offered herein, the report is sufficient to satisfy the requirements of Rule 26.

For the reasons set forth herein, Plaintiff's *Daubert* Motion to Exclude the Testimony of Joe Seiter. (Dkt. No. 50) is DENIED.

IT IS SO ORDERED this 10th day of December 2019.

ROBIN J. CAUTHRON
United States District Judge